## GILL et al. v. JONES et al.

District Court, W. D. Missouri, St. Joseph Division.

Jan. 29, 1932.

Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., for plaintiffs.

A. D. Gresham, of Platte City, Mo., Robert S. Eastin, of Kansas City, Mo., Shultz & Owen, of St. Joseph, Mo., and R. R. Brewster, of Kansas City, Mo., for defendants.

OTIS, District Judge.

A brief preliminary statement will help to an understanding of the issues involved in this case.

It appears that on September 2, 1859, one David L. Jones, being then a resident and citizen of the state of Kentucky, executed an instrument in writing wherein he conveyed a life estate in certain Kentucky lands to his son, James H. Jones, then also a resident and citizen of Kentucky, with remainder to the children and the descendants of James H. Jones. It was further provided in this instrument that James H. Jones might at any time he desired "sell said land—provided he will reinvest the proceeds in other lands, the title so made to vest the life estate in himself, remainder to his heirs as hereinabove named."

In 1870 James H. Jones purchased in Missouri certain lands situate in Platte county from one Levy J. Waller and Evaline Waller, his wife, taking from them a warranty deed conveying absolute title in fee simple to the lands in question. James H. Jones continued in the possession of these lands until his death in 1894. The lands consist of 155.03 acres in one farm, and are the subject-matter of the present controversy.

James H. Jones died testate. His last will and testament was duly probated in the probate court of Platte county on April 16, 1894. By the terms of his will he devised a life estate in the Platte county farm to his son, William Z. Jones, and he provided in his will that, if William Z. Jones should die without children surviving him, the farm should go in fee simple to two of the nephews and a niece of James H. Jones, the testator.

William Z. Jones died July 23, 1927, leaving no children or descendants. His widow, Junie E. Jones, one of the defendants herein, upon the death of William Z. Jones, entered into the possession of the Platte county farm, and has since been, and is now, in possession of that farm, excepting that she has leased the farm to her codefendant, Walter Anderson, who is in possession as a tenant. Junie E. Jones claims title in fee simple to the farm by virtue of the last will and testament of William Z. Jones, by which he purported to devise the Platte county farm in fee simple to his wife, said Junie E. Jones.

After the death of James H. Jones in 1894, to wit, in 1895, William Z. Jones instituted a proceeding in the circuit court of Platte county in which proceeding said nephews and niece of James H. Jones were named as parties defendant, service by publication being had upon them, in which proceeding a decree was entered by the circuit court of Platte county, finding and adjudicating that James H. Jones purchased the Platte county farm with the proceeds of the sale of lands in Kentucky, conveyed to him in 1859 by his father, David L. Jones, and that, by the terms of the conveyance in 1859, the farm purchased in Platte county was impressed with the trust created by that conveyance; that therefore James H. Jones had only a life estate in the Platte county farm; that the will purporting to convey the remainder to his nephews and niece was to that extent void; and that William Z. Jones, upon the death of James H. Jones, took an absolute title to the farm in Platte county.

### The Questions in the Case.

As appears from this preliminary statement, the questions involved in this controversy are two:

(1) The question whether the claims of the Kentucky devisees in the will of James H. Jones (they and their heirs and legatees are the plaintiffs here) are res adjudicata by reason of the proceeding and decree in the Platte county circuit court.

(2) If the decree in the Platte county circuit court is not binding upon the plaintiffs here, has it been proved that the Platte county farm, purchased by James H. Jones from

Levy J. Waller and Evaline Waller, his wife, was purchased with proceeds of the sale of the Kentucky lands which had been conveyed to James H. Jones by David L. Jones so as to be impressed with the trust created by David L. Jones and so that James H. Jones had only a life estate in the Platte county farm.

### Findings of Fact.

I make the following findings of fact:

(1) I find the facts to be as stipulated between the parties in Plaintiffs' Exhibit 3.

(2) I find the fact to be that on September 3, 1859, David L. Jones executed the conveyance of certain lands and other property in Kentucky, and that Defendants' Exhibit D is a true and correct copy of that conveyance.

(3) I find the fact to be that on January 20, 1870, Levy J. Waller and Evaline Waller, his wife, conveyed the Platte county farm, herein referred to, by warranty deed to James H. Jones, and that Plaintiffs' Exhibit 1 is a true and exact copy of that deed.

(4) I find that on several occasions during his lifetime, and while he had possession of the Platte county farm, James H. Jones and his wife executed deeds of trust upon the said Platte county farm, purporting to convey absolute title thereby, and that during the lifetime of James H. Jones no question was raised by any one that he had only a life estate in the said Platte county farm.

(5) I find that James H. Jones died testate in 1894, and that Plaintiffs' Exhibit 2 is a true and exact copy of his last will and testament by which he devised the Platte county farm to his son, William Z. Jones, for life, the remainder to James H. White and Overton Jones, nephews of James H. Jones, and Mary Jones, niece of James H. Jones; and I further find that plaintiffs in this case, as heirs and legatees of said nephews and niece, succeeded to all of their right, title, and interest, if any, in the Platte county farm.

(6) I find that William Z. Jones died without children or other descendants surviving, and I further find that he died testate, devising the Platte county farm to his wife, then defendant Junie Jones, and that she has ever since been in possession (either by herself or by her tenant, defendant Walter Anderson) of the said Platte county farm.

(7) I find the fact to be that a certain proceeding was instituted in the Platte county, Mo., circuit court on August 24, 1895, by William Z. Jones and Fannie Jones, his wife, wherein James W. White, Overton Jones, and Mary Jones were named as defendants; that Defendants' Exhibit G is a true and correct copy of the petition in that proceeding and of the order of the Platte county circuit court that service be had upon the defendants by publication. I further find that Defendants' Exhibit C is a true and correct copy of the order of publication and of the publisher's certificate thereof, and that Defendants' Exhibit B is a true and exact copy of the decree of the circuit court of Platte county in the said proceedings.

(8) I further find that it has not been proved in this case by the defendants herein that the Platte county farm was purchased with the proceeds of the sale of the lands in Kentucky, which were conveyed in 1859 to James H. Jones by his father, David L. Jones, and, absent such proof, I find the fact to be that the Platte county farm was purchased by James H. Jones with funds which were not impressed with any trust whatsoever.

(9) I find that there is no competent evidence in this case upon which to base any findings as to the reasonable rental value of the Platte county farm since the death of William Z. Jones and while it has been in the possession of the defendants.

### The Law of the Case.

In view of the findings of fact which I have made, it is apparent that only one question, that a question of law, remains for decision. That question is this: As a matter of law, is the decree of the Platte county circuit court conclusive as against the claims of the plaintiffs here?

No contention is made by the plaintiffs that the decree of the Platte county circuit court would not be binding upon them merely because service was had by publication. Their contentions are that the decree was not within the issues raised by the pleadings in the Platte county circuit court, nor within the notice contained in the order of publication and in the publication. There can be no question that, to be binding upon these plaintiffs and those from whom they claim (the defendants named in the proceeding in the Platte county circuit court), the decree must have been within the pleadings and within the notice. It is necessary, therefore, to consider what was the relief prayed for in the petition in the Platte county circuit court and what was the notice published by reason of the order of publication.

The petition in the Platte county circuit court alleged conveyance of Kentucky lands

by David L. Jones to James H. Jones in 1859; alleged that those lands were conveyed by James H. Jones for his life, the remainder to others; alleged that he was authorized to sell such lands and to invest the proceeds in other lands, taking the title thereto, subject to the same provisions; alleged that he sold the Kentucky lands and invested the proceeds thereof in the Platte county farm; alleged that he had only a life estate in said Platte county farm, but that he purported to devise the remainder in said real estate at the termination of his life estate; that he devised it to James W. White, Overton Jones, and Mary Jones, nephews and a niece; and prayed that, "said real estate in Platte County should be held in the same tenure, subject to same conditions as land originally conveyed by David L. Jones to James H. Jones and with proceeds of the sale, of which sale Platte County land was bought, and it should be impressed with the same trust and within and under the same limitations as was prescribed in the said deed."

The order of publication and publication made pursuant thereto set out in substance all of the allegations of the plaintiffs' petition and set out also the prayer for relief in that petition contained.

Upon the final hearing of the case in the Platte county circuit court, that court found as a fact that the Platte county farm was purchased with the proceeds of the sale of the Kentucky lands, conveyed in 1859 to James H. Jones; that he took the Platte county farm subject to the same conditions and limitations; that he had only a life estate in that farm. It was adjudged and decreed "that so much of the said will of James H. Jones, deceased, as seeks to convey the lands here in controversy be set aside and held for naught and that the title in fee simple to said lands is declared and adjudged to be and vested in plaintiff, W. Z. Jones, subject, however, to the widow's dower, to the one-third part of the same."

In the order of publication, there was not one word referring to any will of James H. Jones or to any attack upon that will or to any attack on the claim of the nonresident defendants arising out of such will. Even if they had seen the publication, they would have had no knowledge therefrom that the validity of the will under which they had claims was attacked. That being true, it is clear that so much of the decree as declared the will of James H. Jones null and void was not binding upon the nonresident defendants.

It is said, however, by the defendants in this case that, although that part of the decree purporting to declare void the will of James H. Jones may not be binding upon the plaintiffs here, nevertheless that part of the decree which declared that James H. Jones had only a life estate in the Platte county farm is binding upon the plaintiffs; that so much of the decree at least was within the pleadings and the publication and is sufficient to defeat plaintiffs' present action.

I think this contention cannot be sustained. It is elementary that due process of law requires notice and a chance to be heard. That one living in Kentucky has notice by reason of an order published in a small country newspaper in Missouri is, of course, the baldest fiction. How often has use been made of this legal fiction to accomplish fraud! Certainly if a court must assume that a published notice has come to the attention of one named in it as a defendant it will not assume that he has been notified of what the notice does not advise him.

We cannot assume that the defendants named in the notice had any knowledge that their uncle left a will, or that, if he did, they were named as beneficiaries, as devisees of his Platte county farm. Their only claims to the Platte county farm depended on that will. The notice here did not advise them of the will, that they were named in it, or of any other basis whatsoever of any claims on their part to the farm in Missouri. It did not even suggest that they had or had asserted any claims. They were named as defendants, but what were they called upon to defend against? They had no interest in the question, the only question suggested in the notice—whether James H. Jones had only a life estate in the Platte county farm. Whether his estate was for life or in fee simple was nothing to them, his nephews and his niece. Even if they saw the notice, why should they undergo expense and effort to employ counsel to go out from Kentucky to Missouri, to litigate a point that to them, so far as the notice advised them, was purely academic?

For purposes of greater clarity, consider a supposed case such as:

X owns (or thinks he owns) a valuable work of art, let us say, a painting. In his will he bequeaths that painting to Y, living in a distant state. Upon the death of X, Z, claiming title to the picture, brings suit against the executor of the estate of X. He names Y as codefendant, obtains service on Y by publication, but says nothing, either in his petition or in the notice of publication, about the will or any basis for any claim by

Y. Of what significance to Y is such a notice? None whatever. The notice to which he is entitled is notice that some claimed rights of his are to be litigated.

The Missouri statute governing orders of publication (now section 739, R. S. Mo. 1929 [Mo. St. Ann. § 739]) requires that the notice shall state "briefly the object and general nature of the petition." Obviously this is to the end that the nonresident defendant may know what relief is sought as against him, may have some idea what his interest is, how it is to be affected. The requirement is not satisfied by a notice which in effect says to the nonresident defendant, as does the one here: "You are made a defendant in this action, but as against you no cause of action is stated in the petition, against you no relief is prayed, there is no suggestion that you have any interest to protect."

### Declaration of Law.

Upon the facts found, I declare the law to be that the plaintiffs are the owners in fee simple of the lands involved in this controversy and entitled to possession of them.

To this declaration of law defendants are allowed an exception.

The defendants have asked for certain findings of fact and declarations of law. To the extent facts have not been found and declarations of law have not been given as so requested (the requested findings and declarations are incorporated herein by reference), the defendants are allowed exceptions.

Objections to evidence made by the defendants at the trial and not then ruled on are overruled, and defendants are allowed exceptions.

Counsel for plaintiffs will prepare and submit an appropriate judgment entry.